## ANDERSON FURNITURE CO. v. HUSSEY. (No. 7555.)

(Court of Civil Appeals of Texas. San Antonio. April 17, 1926. Rehearing Denied May 12, 1926.)

Corporations &#8459;432(12)—Evidence held sufficient to support finding for advertising writer, in action against furniture company for services rendered under contract with defendant's advertising manager.

Evidence, in action against furniture company for services rendered under contract with defendant's advertising manager, *held* to support findings as to advertising manager's authority, and to show knowledge of president of company as to performance of services.

Appeal from Dallas County Court, at Law; W. N. Coombes, Judge.

---

Action by J. P. Hussey against the Anderson Furniture Company. Judgment for plaintiff, and defendant appeals. Affirmed.

T. F. Nash and Church, Read & Bane, all of Dallas, for appellant.

John White and H. J. Yarborough, both of Dallas, for appellee.

COBBS, J. Appellee sued appellant in the justice court of Dallas county, to recover an account of $140, for services performed in writing a series of advertisements, running over a period of six months, beginning about the month of August, 1922. The original contract was for $150, but appellant having paid $10, reduced it to $140. Appellant, having lost in the justice court, appealed to the county court, where judgment was again rendered against it, on the findings of the jury. The pleadings were oral.

The evidence shows that appellee was engaged in the occupation of writing advertisements for business concerns, which he sells, and which are published in various newspapers. Appellee went to appellant's business house, or furniture store, to sell his advertisements, and was referred to Mr. B. W. Perry as the advertising manager, with whom he made negotiation for the sale and publication of them for one month; and after the end of the month, finding that such advertisement paid, appellant took the advertisement for a period of six months. Each month thereafter appellee prepared the advertisements for that month's publication and submitted them to B. W. Perry, the advertising manager for appellant, and, when O. K.'d by him, appellee carried them to the Dallas Times Herald, where they were accepted and published for appellant.

E. M. Anderson, president of Anderson Furniture Company, denied Perry had any authority to hire Hussey, and testified that B. W. Perry had a desk in his office at which he prepared all the advertisements. He further testified that he never saw J. P. Hussey before the day of the trial; that he read the Times Herald regularly during the six months these ads were run, but he never saw a one of them; that he always read his display ads. E. M. Anderson received the bills from the Dallas Times Herald for the advertising in question, and paid them. Before this time he had only run ads two times a week. He admitted that these statements from the Times Herald showed ads were being run four or five times a week; that he looked at said statements; and that this advertising increased his bill for space $40 or $50 per week, but he did not discover anything wrong.

We think there is ample evidence to support the finding of the jury as to the agency of B. W. Perry. That seemed to be in the line of his duty, and he was the only one in charge of appellant's advertising that went in the paper from time to time. Further it is inconceivable to believe that the president of the company, who saw and regularly read the advertisements in the paper uttered for the good of his business, and for which he paid the price, did not see, read, know, and understand the purpose of the advertisements written and published for the benefit of his said business.

All the issues were correctly submitted by the court to the jury, who found for appellee upon sufficient material testimony.

This case having been fairly tried, without error, and substantial justice done, the judgment of the trial court is affirmed.